Good morning, and may it please the Court. Washington has decided, as have many other states, that mandatory arbitration clauses in any insurance contract are void as against public policy. Essentially, APIC suggests that they are allowed to ignore the public policy of Washington State and include in their insurance contracts arbitration clauses. This disparate treatment has absolutely no reasonable justification under the Liability Risk Retention Act. In fact, under the Act, it specifically leaves interpretation of contracts to the states. Well, but how is that the same? Interpretation of contract is one thing, but the application of public policy because Washington State decides it doesn't like what is generally a federal policy in favor of arbitration sounds to me like something else. What's the question? I'm sorry. Well, you say that the federal statute leaves contract interpretation to state law. I'm not sure how that speaks to this. This isn't a question of contract interpretation. It's a question of whether the general federal policy expressed in the Federal Arbitration Act as applied by the Supreme Court in more cases than I can count applies here. So you say, well, the federal statute leaves contract interpretation to state law, and my question is, so what? Because this isn't a matter of contract interpretation, is it? It's a matter of whether the Washington State policy applies. It is. It is a matter of contract interpretation as well. It is a matter of states' rights and the enforcement of state laws. As soon as you start talking about states' rights and the enforcement of state laws, I don't know how that flows from contract interpretation. The LRA specifically states that it is left to the state contract interpretation. Exactly. But I don't understand how the point you're trying to make is a question of contract interpretation. That's my question. It's also of contract interpretation. Okay. How? Well, for instance, in this contract, APIC is also attempting to require California law to apply. So if the LRA has specifically exempted certain state insurance laws from application, then how can we be subject to ---- Our question is simple and meant to be narrow, and it's not really a broad attack, but you're trying to cite to that provision of the federal statute to support your position. I don't understand how the question in front of us is a question of contract interpretation. So I'm just asking, how is this a question of contract interpretation? It's one aspect of it, the interpretation of contract, because essentially Washington has no ability to interpret this provision, this contract whatsoever. The choice of law was taken from Washington, and Washington law is being ignored when it says we want to keep policyholders and the insurance companies within our borders and subject to our jurisdiction. And it's all over the Limited Risk Retention Liability Act that it has preserved this power to the states. It has also preserved the authority of the states to encourage the states to also be able to construe their tort law. And how can we do that if we've got a contract that was offered in Washington and apparently is subject to California law? So all these provisions that were outlined in the Limited Risk Retention Act are being ignored because a risk retention group can sell a contract in Washington and cause insurance to go down to California, subject to California law, subject to arbitration, when that is entirely contrary to Washington law. The purpose of the Limited Liability Act was not to allow this insurance company to go all over and not have to litigate in the states that it sells insurance contracts in. The LRRA was designed to increase the supply of insurance for buyers of insurance, not to benefit these insurance companies. But the preemption language is very broad. I mean, it says, you know, it exempts any state law that would regulate directly or indirectly the operational risk retention group. And I understand your point about the purpose of Congress, but, you know, frankly, who knows what Congress intended. We have to look at the language that was used, and this is a very broad preemption language. How do you get around that? There are cases that suggest that it is very broad, that it is sweeping. But that doesn't mean that you can ignore the actual provisions within the statute. There's other case law that suggests that we're going to recognize the state's rights to maintain their unfair claim settlement and their deceptive practices laws. How can they do that if the contract of insurance is going to California? But arbitration is not a deceptive practice. Pardon? Look, arbitration can hardly be considered a deceptive practice issue. It really goes to the integral part of administering to a claim. Arbitration is such a favored type of device throughout the country. It's not like you're dealing with fraudulent situations, the things which I can understand, you know, we should defer to the states. This is just simply claims administration. Claims administration? Don't you think so? Sure. It makes it very inexpensive. If you supply insurance all across the nation and you require everybody to come to California where you know the law, it makes it burdensome for them to come. And how are they supposed to suggest, hey, what you did was deceptive practice. I have a claim under state law. It's deceptive practice to ask for arbitration? No, the deceptive practice happened prior. They declined coverage. And then they said, but you have to arbitrate. We've declined coverage. There's no coverage here. And it puts their insured in a complete box. So the insured who has no money is being forced into bankruptcy for a personal injury claim, and then they're supposed to go litigate or arbitrate coverage in California district court. And then they're going to get sent to arbitration where there's a choice of law provision for California law. So now Washington has no say whatsoever at all to protect its consumers. I'm not so sure as I read the law that even under the laws of Washington that you would be successful in obviating arbitration. Absolutely. Well, first of all, they have the anti-arbitration provision, right? So that would allow Washington. I'm not so sure that applies here to the facts of this case. How so? Where do you see where you would be allowed to avoid arbitration in the state of Washington? Where are we allowed to avoid arbitration? Explain that to me. Well, there's a statute. Let's assume that we're talking about Washington law now. Okay. Let's talk about Washington law. So Washington has a statute that suggests any insurance policy issued in Washington cannot have an arbitration provision taking the insured out of its jurisdictional borders. No, no, but it talks about certain types of fraudulent behavior, those types of things, right? Yes. It has a whole list of things that they're concerned about. Yes. But this is not something that falls within that type of ambit, from what I can read. No, that's inaccurate. I think the legal practice is not a fraudulent type of practice we're talking about. I can understand why the state may want to guard against that. This is plain old arbitration. It's not just plain old arbitration, and I urge you to look behind that. The Washington Supreme Court has said that their lawmakers, Washington legislature, has intended for the anti-arbitration law to protect policyholders' right to bring action against the insurer in court. They can't do that if they're subject to an arbitration policy and a California choice of law, forcing them to go to AAA arbitration and go to Orange County. They can't do that. An insurer's duty of good faith is established in both common and statutory law, according to the Washington State Supreme Court. The Washington Consumer Protection Act creates a statutory cause of action to protect against unfair methods or deceptive acts and practices. What we're talking about here is not just statutory, and it has been identified what constitutes an unfair claim or deceptive practice, but also common law. So go slow. Under Washington law, let alone when we talk about preemption, I think that the statute says that they can regulate foreign RRGs with respect to unfair claims, statement, practices. Isn't that what they're talking about? That are specifically denominated by the Washington Insurance Commissioner. Has the Insurance Commissioner specifically denominated arbitration as an unfair practice? No, it has identified what constitutes an unfair practice. And an unfair denial of claims or coverage without providing a duty, and they have a duty to defend, all of this is included within Washington law. And APIC gets away from that by forcing us into arbitration. Now, and APIC suggests the arbitrator is going to tell us. The answering brief argued that the anti-arbitration statute is not included within the scope of Washington law and regulations that apply to risk retention groups. And you seem to keep pointing out what Washington provisions are applying to insurance companies, but not necessarily to risk retention groups. Is there something you can point to? I mean, the Washington statute provides a list of regulations that a foreign risk retention group must comply with under Washington law. I don't see an anti-arbitration statute on that list. But in that, in. Unless you accept your premise, which apparently is your premise, that an arbitration clause is inherently an unfair or deceptive practice. No, I'm not suggesting that that is the unfair. So where is an anti-arbitration clause on this list? Well, let me ask this way. So if the federal act says that these companies have to comply with the state's unfair claim settlement practice and their state laws regarding their deceptive false practices and acts, how can Washington ensure compliance if Washington loses any authority at all? If this one insurance company, because they're subject to federal law. It may not be able to. It may be the federal government in Congress's enactment trumps what Washington does. The question raised by Judge Block is it wasn't clear to him, and I confess not clear to me, that even if you didn't have that problem, that the Washington law is so clear with regard to what applies to risk retention groups. The Washington law for foreign risk retention groups suggests that they have to comply with the state law regarding unfair claims and practices. We get away from that. And Washington has suggested their anti-arbitration law is designed so that they can ensure that their state unfair claims and practices laws are being abided by. If you subject us to arbitration and a choice of law, all of a sudden Washington's law regarding unfair deceptive practices is null. The arbitrator gets to decide, and they'll decide to apply California law. So now, even though the LRA has specifically delineated and expressly reserved this power to the states to resolve their own unfair claim practices act. So we have alleged that they have unfairly denied coverage, putting their insurance in a box. And this is what Washington wanted to avoid. Why it wanted to retain jurisdiction so it could make sure and it would respect its own laws. And other states have done the exact same thing when looking at their anti-arbitration laws. You have an awful lot of state precedent that's contrary to your position here. Well, no, they vary. They do vary. But what you're going to find interesting is that in, like, say, Kentucky or Nebraska or Missouri, they all have insureds who have been burned by their insurance company, simply decided they're not going to provide coverage. Is there a case that supports your position? It seems like all the cases are contrary. No, they're not all contrary. Name me one state that, you know, supports your position. In Kentucky, National Home v. King. In that case, there was claims made for bad faith, deceptive practices. Bad faith? Are you telling me bad faith falls in the same category as arbitration? Yes, because how else can Washington ensure this tort is minded? Our bad faith laws in Washington are given no regard. And it is a bad faith in Washington. It's a tort in Washington to use these unfair claims and deceptive practices. So it all goes back to your believing that arbitration constitutes an unfair claims and practice or it's bad faith or it's one of these evil types of things. The arbitration removes our ability to be covered under state law. Yes, it does. They subject, they put into insurance policies the ability to force our insurance to a foreign jurisdiction to arbitrate, and therefore Washington law is given no meaning when the statute specifically contemplates that they be allowed to comply with the state unfair practices law. Bad faith tort. I will go ahead and reserve the rest of my time. Good morning, Justices. May it please the Court. Just judges. No justice in the Ninth Circuit. Just judges. Good morning, Your Honor. I couldn't resist. Thanks. We got promoted. Michael Schroeder for Apelli Allied Professionals Insurance Company, a risk retention group. I have with me my esteemed co-counsel at counsel table, Michael Kadish, and counsel for Amicus, the National Risk Retention Association, Joe Deems. The appellants have steadfastly tried to ignore two issues that are fundamental and that are threshold issues. First, Allied's arbitration provision is in full compliance with Washington law. We therefore have respectfully submit that the trial court should not have submitted this appeal to this panel on the issue of preemption because you only get to preemption as a second point of analysis. Washington has a risk retention act, as does every state in the union. It's based on the Liability Risk Retention Act, based on the NAIC Model Act, and it couldn't be more clear. It specifically lists those Washington state laws that a foreign risk retention group must comply with. And it's very clear. It states foreign risk retention groups, quote, shall comply with the laws of this state as follows, colon, close quote. And then it lists them. The nine items, if I recall correctly? I remember the numerosity of it all, but there were several. That's correct, Your Honor. And the appellants didn't even deal with this until reply. And then belatedly in reply for the very first time, they raise Washington's Unfair Claims Practices Act. Now, there's a couple of problems with this. First, they didn't raise it below and they didn't raise it in their opening brief. Therefore, they waived it. Second and more fundamentally, there are no such claims in this case. There are no cross complaints of any type by the appellant in this case. The only things in this case and for this court is my client's lawsuit in federal court to enforce an arbitration agreement because it believed there was a dispute about coverage. Now, that kind of gets us to our second point, which is if they have. I really don't follow your waiver point. My waiver point is really twofold. The first is they didn't raise the idea about Washington Unfair Claims Practices Act constituting an exception to the Risk Retention Act until their reply brief. They didn't even brief it in their opening brief. Well, that didn't surprise me because they were responding to the order entered by the district court, which you may complain the district court should have gone off in that direction, but it didn't. So it doesn't surprise me the opening brief focuses on the ground cited by the district court. I don't understand how failure to talk about a separate issue constitutes waiver. Because it was an issue before the trial court is our point. But the district court didn't rely upon it. I mean, conceptually, I can sort of see it, but we usually see opening briefs that focus on the reason they got tossed out below, and that's what happened here. All right, fair enough. The second point, though, remains, which is there are no such claims here. There is no claim for bad faith. There is no claim here for unfair trade practices. There is no claim under Washington Consumers Protection Act below anyway. So there's no ability to rely on it, even if it was brought up properly in reply. Except possibly for the concept that requiring arbitration in another jurisdiction, subject to the laws of another jurisdiction, is itself an unfair trade practice or prevents Washington from applying its standard to what constitutes unfair trade practice. All right. The second point that I was going to get to, I guess the third point I was going to get to, is that such a claim here would be frivolous because Washington has very specific requirements for something to be an unfair claims practice. Washington specifically says three things have to occur for something to be an unfair claims practice. First, the insurance commissioner has to, quote, specifically denominate, close quote, something as an unfair claims practice. There's nothing in the Washington Unfair Claims Practices Act denominating arbitration as an unfair claims practice. The second thing is the Washington insurance commissioner would then need to put it in a regulation. And then the third thing is the Washington commissioner would have to state his or her reasons for why that determination was made so that there can be a determination by the Washington Superior Court as to whether, in fact, it really is an unfair claims practice. None of that occurred here. There is no such regulation. There is no specific denomination. There is no statement of reasons. In fact, what we have is the opposite. There is a Washington, which we've cited in our brief, regulation from the Washington insurance commissioner that specifically denominates arbitration is okay. They give three methods for determining the results of a claim, and it's appraisal, civil litigation, or arbitration. And that means that there is nothing like that. Now, the only thing that the appellant goes to in their reply is pointing out another section that states that a first-party claimant may, it doesn't say must, if their claim was denied in bad faith, bring an action in civil court. Now, ignoring for a moment that one of the appellants is a third-party claimant, there's a variety of problems with this contention. First, it says may. It doesn't say must. It doesn't say you may not agree to go to arbitration. It just creates one non-exclusive mechanism for having a remedy. Now, this case and this issue has come up many, many times, where statutes have references to a potential remedy that you may have. And the United States Supreme Court in CompuCredit, this circuit in Ziober, and the Washington Supreme Court in Mendes have all come out the same way on this. They've said that that by itself doesn't create a non-waivable right to a justiciable forum, that parties can still agree to an arbitrable forum unless the statute specifically goes on to say, and by the way, you can only have it in a civil court. You may not have it anywhere else. And that, and there's nothing like that here. So we respectfully submit that preemption didn't need to be reached and that this arbitration provision on its face fully complies with Washington law. On the issue of preemption, we believe that the decision of the trial court. If you want us to rule on an issue of state law, are you encouraging us to certify a question to the state court? Because we have authority certainly on questions of federal law on the preemption issue. But if you're saying the basis of our decision ought to be state law, then it comes to some question as to whether we're the ones, we're the proper judicial body to pass on that. There is, in every case where this circuit determines it, that they don't need to reach preemption, they necessarily are deciding things under state law. Unless there's a question of first impression. Is there a reason we should reach the state law question first instead of addressing the federal question first? My understanding of statutory interpretation is that that's always the order in which things are done. You first deal with the question of is this, in fact, a violation of state law? And then if it is, is that state law preempted? And my point is it appears on its face that this arbitration provision is fully compliant. And there is no serious question about what Washington state law is. James River specifically held, that's the Washington Supreme Court, that this is a — that this anti-arbitration provision regulates insurance. They contend that. We contend that. I don't think that there's a novel question that needs to be certified anywhere at this point. I think that on its very face, it is very clear that Washington has a list of nine laws that need to be complied with by a foreign risk retention group. It's just not on the list. So I don't think there's a novel question that needs to be resolved. Are there any cases that at least are somewhat analogous that explicate that statute on this issue? I know you're saying that the plain language dictates that result, but are there any cases? Well, this panel — not this panel, I'm sorry. This circuit has had three cases where it has looked at the question of how this act is analyzed. There are no cases by the Washington Supreme Court analyzing the Washington's Risk Retention Act. No. But there are many cases analyzing its provisions and its clear statutory terms. And by its clear terms, it lists the nine things that a Washington foreign risk retention group is subject to. It's just not on the list. So there's nothing novel to be looked at and found at this point. On the issue of federal preemption, we believe the trial court correctly decided the question of, to the extent that you apply Washington's anti-arbitration provision to a foreign risk retention group, then the anti-arbitration provision would be preempted. The Mayor Karen Ferguson Act reverse preempts a federal law, quote, unless such act specifically relates to the business of insurance, close quote. Well, the Liability Risk Retention Act is quintessentially that. It is an act that specifically relates to the business of insurance. And the U.S. Supreme Court has made clear what that definition is. It's anything that revolves around the question — revolves around the relationship between an insurance company and its policyholder, including the endorsement of policy terms, close quote. That is this case. This is a dispute about a provision in an insurance policy, in this case an arbitration provision, and the relationship between the insured and the insurer. But Congress didn't want to leave anything to chance. They specifically went on to enact 3902B3C, which states that any state law as applied to a foreign risk retention group is preempted if it relates to loss control and claims administration. That's a quote. Well, loss control and claims administration, nothing could be more directly that than an arbitration provision to decide claims. But Congress went on. They enacted 3902A, which states that foreign risk retention groups, quote, are exempt from any law, close quote. And then they list four of them. And A1, which was mentioned earlier, says that they can't regulate directly or indirectly the operation of a risk retention group, close quote. Well, James River found that, in fact, and that's the Washington Supreme Court, that Washington's anti-arbitration provision does regulate the business of insurance. That's why the Federal Arbitration Act was deemed not to apply to it. But then we go on to A4. And this is the second thing that the appellants to steadfastly try to ignore. A4 says is Congress's catch-all provision. That is the provision where they go or otherwise discriminate. And that's that stubborn little word or. That means that all four of those, A1 through A4, are disjunctive. And state laws are preempted if they do any of the four things. The appellant wants you to read those two, the A1 and A4 together, and they want you to rewrite the statute to put the word and in rather than the word or, so that if something regulates the operation of an insurance company and discriminates, then it's preempted. That's just not the law in this nation. Five circuits have considered this issue, including this circuit three times in attorneys' liability, Alliance for Nonprofits, and Greenfield. And in all of those cases have reaffirmed the broad preemptive effect of the Liability Risk Retention Act. And the Second Circuit has in Wadsworth, as have the Georgia and the Nebraska Supreme Courts. That, again, leaves them back with the only thing that they can rely on is the Unfair Claims Practices Act and Washington's Consumer Protection Act. And as we've already discussed, there are no such claims in this case for them to rely upon. And those claims would be substantially frivolous if they did exist, because there's no mention in either one of those statutes of anti-arbitration. There has been some comment in the briefing and some suggestion that this is somehow an unfair or a travesty, and nothing could be further from the truth. This is not some big insurance company that comes rolling in and misrepresents to the public. Risk retention groups, as the amicus brief points out, are small. They're groups of business owners who join together to ensure a common risk that nobody else is willing to touch, or at least at a price that any of them can afford. So they join together, they get better rates, and they get coverage that's more customized to their needs. Furthermore, this is not, this arbitration, far from being an unfair claims practice, it's about as fair as you can imagine. It's completely vanilla. Nobody waives any rights. There's no special procedural benefits in discovery. It is 100 percent bilateral and fair. And finally, I would note that were this panel to accept what the appellants have suggested and rewrite this act, as the amicus points out, it would have not only a significant destructive effect on allied professionals and alternative health care providers, but on all of the small risk retention groups around the country that are covering a myriad of risks, because suddenly they would have to comply with all 50 states' laws, and that's just not what Congress intended. Thank you very much. You may submit. Thank you. Not all states have anti-arbitration laws. In Washington, that arbitration law states that depriving courts of this state of jurisdiction of an action against the insurer is the problem. We have no relief because we are forced to an arbitration subject to a different law. The LRRA allows states the right to control these unfair practices, and Washington has defined them. Under the RCW 4892-044 that APIC cites, too, it, like the statute, repeats that risk retention groups, foreign risk retention groups, shall be subject to any and all unfair claim settlement practice statutes. And the anti-arbitration statute is to allow Washington to enforce its unfair claim settlement practices against the insured, and you take it away if you don't recognize this anti-arbitration provision. So I look at the Washington regulation that lists specific unfair claim settlement practices defined. Where in that list will I find the anti-arbitration provision? It's not the anti-arbitration provision. We won't follow Washington law if we have to go to California under California law. I'm reading the Washington regulation here, and presumably it could try to identify an arbitration clause as a specific unfair claims practice. I'm not suggesting that the arbitration clause is the unfair act. What the insurer did was the unfair act, and when we sought relief in Washington courts. Exactly what did the insurer do that was the unfair act? They unfairly denied the claim after four days, no investigation, just said there's no insurance, and forced their insured into a box, and when he tried to litigate, and we do have a case in Washington court, Eastern District of Washington. Denying a claim can't by definition be an unfair claim practice. You're complaining about having to go to arbitration in California. That's apparently what's unfair, and I'm trying to look at the Washington regulation and see where the state of Washington has identified that as unfair. Under RCW 4830.015 defines the unreasonable denial of claim coverage. It then goes on to define the certain specific unfair claims settlement practices in Washington administrative code outlined by the insurance commissioner. And I'm looking at that now. Which one are you pointing to? The Unfair Claim Settlement Practices Act defined the failure to acknowledge pertinent communications, the standard for prompt investigation of claims. This claim wasn't handled correctly by APIC. And so we need to recognize Washington law, and the only way Washington law is going to be respected is if we don't go to arbitration or if you suggest to the arbitrator Washington law is going to apply. I'd just like to suggest you ask me about state cases, specifically Sturgeon out of Missouri recognized the anti-arbitration law. It did not find the keyword was the operations of the risk retention group, and having an anti-arbitration provision was not going to impact the operation at all. That's all. Thank you. Thank you. The case has been submitted.
judges: Clifton, Block, Lee